132

Grafton,
No. 5029.

Irene Landers Hart *v.* Ralph Batchelder & *a.*

Argued April 4, 1962.

Decided May 1, 1962.

*Robert V. Johnson* (by brief and orally), for the plaintiff.

*Harold E. Wescott* and *Peter V. Millham* (*Mr. Millham* orally), for the defendants.

Wheeler, J.  All five defendants by their answer admit they have each been residing outside the town of Ellsworth for varying periods, all in excess of six months, prior to the most recent election (March 1961) but each claims his domicile always has been and now is in Ellsworth.

The plaintiff contends that by this admission the evidence was conclusive against a claim of residence and that as a matter of law the residence of each defendant could not be construed as "a temporary absence" within the meaning of RSA 54:10 relied upon by the defendants, which provides: "A residence acquired by any person in any town shall not be interrupted or lost by a temporary absence therefrom, with the intention of returning thereto as his home." The word "intention" as used in this statute has been interpreted to mean that a " . . . doubtful, vague and equivocal purpose to return does not prove the fact of 'intention' as used in the statute, when reasonably construed . . . ." *Felker* v. *Henderson*, 78 N. H. 509, 512.

The question presented is whether there is any evidence to support the findings of the Court that the defendants' absence was "temporary" and that each in good faith intended to return. *McGee* v. *Bragg*, 94 N. H. 349, and cases cited; *Bailey* v. *Bailey*, 93 N. H. 259, 261.

"An assertion by a party that he regards a certain town as his home is entitled to great weight on the issue of his intention but it must be weighed against his actions; it is not conclusive and the Presiding Justice is not obliged to believe it." *McGee* v. *Bragg*, *supra*, 352.

There was evidence from which the following facts could be found: There were ten legal voters on the checklist in Ellsworth for the November 1960 election. There are presently nine. The situation in Ellsworth is unique. There is no rental property available in town and much of the taxable real estate consists of summer cottages owned by nonresidents. The town is more or less inaccessible in winter because of lack of road maintenance. The defendants and their relatives now hold or have held various town offices over the years.

Stanley and Dorothy Batchelder are husband and wife, as are Chester and Margaret Avery. Both Stanley and Ralph Batchelder, who are brothers, lived with their parents in Ellsworth until their respective marriages, when they rented residences in adjoining towns. Ralph is twenty-three years of age, and his wife was not of voting age. At the time of the hearing Ralph expected to be called for military service. Since 1958 he had lived in Campton, in a trailer, which he planned to move to real estate which he owns in Ellsworth upon his discharge from military service. He has cleared his land with this purpose in mind. He is a selectman,

pays taxes, registers his motor vehicle and pays his dog license in Ellsworth.

Stanley who is twenty-nine years of age has resided in Rumney for some five years. He likewise owns real estate in Ellsworth which he has cleared preparatory to building a house. He testified that he expected to live in Ellsworth by the following summer or fall. He is town road agent, and has been a registered voter in Ellsworth since he was twenty-one, pays a poll tax and dog tax there. His wife Dorothy is a supervisor of the checklist.

Chester Avery, seventy-one years of age, is selectman and a representative to the General Court. He lived in Ellsworth for thirty years but is presently living in Campton. He moved there to take care of his wife's mother. He goes to Ellsworth from time to time and intended to go back to reside when the legislative session adjourned. He pays a poll tax, property tax and dog license there. Margaret Avery, the wife of Chester, is a supervisor of the checklist.

Under RSA 55:16 the decision of the Superior Court is final unless it is erroneous as a matter of law. While this is an extremely thin case, we cannot say 'that the Trial Court's ruling was erroneous as a matter of law, in the unique circumstances presented.

*Exceptions overruled.*

BLANDIN, J., was absent; the others concurred.